# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**HENRIETTA E. ARNOLD SIMPSON,**

            **Plaintiff,**

     **v.**                              **Case No. 19-CV-789**

**MEGAN BRENNAN,**
**Postmaster General,**

            **Defendant.**

## DECISION AND ORDER

**1. Introduction**

Plaintiff Henrietta Arnold Simpson worked for the United States Postal Service (USPS). She filed this pro se complaint against her employer through Postmaster General Megan Brennan. (ECF No. 1.) She asserts a disability discrimination claim, presumably under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, *see Sansone v. Donahoe*, 98 F. Supp. 3d 946, 952 (N.D. Ill. 2015), and a Family and Medical Leave Act (FMLA) claim. (ECF No. 1.)

The defendant filed a motion to dismiss the disability discrimination claim for failure to state a claim, but acknowledges that the motion should be construed as a motion

for summary judgment "[b]ecause that portion of the … motion presents matters outside the pleadings.…" (ECF No. 8 at 1.) The defendant has also filed a motion to dismiss the FMLA claim for failure to state a claim or, in the alternative, for a more definite statement. (*Id.*)

2. **Facts**

The defendant submitted proposed findings of fact in support of its motion to dismiss the disability discrimination claim. (ECF No. 9.) In the process, the defendant complied with Civ. L. R. 56(a)(1)(A) and 56(a)(1)(B). (ECF No. 7.) Simpson's response (ECF No. 11) to the defendant's motion did not include a response to the defendant's proposed findings of fact (ECF No. 9). Accordingly, the court deems the defendant's proposed findings of fact admitted by Simpson. *See* Civ. L. R. 56(b)(4) ("The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment."). And, for purposes of the motion to dismiss the FMLA claim, the court accepts as true the allegations contained in the complaint. *Gruber v. Creditors' Prot. Serv. Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (citing *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 634 (7th Cir. 2012)).

**2.1. Robbery**

On December 21, 2017,[1] Simpson was working at the customer service window at the post office when she was robbed at gunpoint. (ECF No. 1 at 2.) She was subsequently diagnosed with "Acute Stress Disorder." (ECF No. 9, ¶ 2.) She saw a psychiatrist and was given medical restrictions, including not working at the counter alone. (ECF No. 1-1 at 11.)

**2.2. Case Number 4J-530-0113-18**

On July 12, 2018, Simpson completed an "Information for Pre-Complaint Counseling" form. (ECF No. 9, ¶ 1.) On this form Simpson alleged that USPS discriminated against her on several occasions on the basis of her disability. (*Id.*) Simpson alleged that USPS did not follow her medical restriction of not working at the customer service window alone and never installed bulletproof glass at the window. (*Id.*, ¶ 3.) She also alleged that, because of her medical restriction, she was harassed and humiliated at work. (*Id.*, ¶ 4.) Her complaint was assigned Case No. 4J-530-0113-18. (*Id.*, ¶ 1.)

In an effort to resolve this dispute, on September 21, 2018, Simpson, her representative, and USPS entered into a mediation agreement. (ECF No. 9, ¶ 6). "The mediation agreement stated the parties understood that settlement during the mediation

---

[1] Several documents, including the complaint (ECF No. 1) and the Information for Pre-Complaint Counseling form (ECF No. 9 at 5), allege that the armed robbery occurred on December 21, 2018. However, given that Simpson in July 2018 filled out a counseling form related to the incident, the year must be a typographical error. Additionally, Dr. Reinke alleges she saw Simpson for an initial evaluation on December 29, 2017. (ECF No. 1-1 at 10.) Accordingly, the court accepts December 21, 2017, as the date of the armed robbery.

was entirely voluntary and that they would not be bound by mediation unless there was a written settlement agreement." (*Id.*, ¶ 7.)

The parties did enter into a written settlement agreement and addendum on that same day. (ECF No. 9, ¶ 8.) The settlement agreement stated that it "constitute[d] a full and final settlement of all issues arising out of the subject matter of the following EEO complaint number(s) and by signing this agreement the counselee withdraws any pending EEO complaints and appeals relative to the subject matter of these complaints." (*Id.*, ¶ 10 (quoting *id.* at 19, 24).) Furthermore, the settlement agreement stated that it was final and binding. (*Id.*, ¶ 9.) The terms of the agreement were included in an addendum, which was part of the agreement. *(Id.)* The addendum noted that it was for Case No. 4J-530-0113-18 (*id.*, ¶ 11) and stated in relevant part:

> In exchange for the consideration and mutual promises set forth below, The United States Postal Service ("USPS" or the "Agency") and the Counselee Henrietta Arnold-Simpson ("Counselee"), jointly referred to as "the Parties," do hereby enter into this Settlement Agreement ("the Agreement"). By doing so, it is the intent of the Parties to resolve, completely and finally, any existing and potential claims by Counselee arising out of the Counselee's employment with the Agency prior to the date of this Agreement.
>
> 1. Management agrees to issue a lump sum payment in the amount of Five Hundred Dollars and No Cents ($500.00) for compensatory damages.

(*Id.* at 20, 25.)

4

**2.3. Case No. 4J-530-0053-19**

On or about January 15, 2019, Simpson filed another complaint, assigned Case No. 4J-530-0053-19. (ECF No. 9, ¶ 13.) Simpson again alleged that her medical restriction was not being followed and also alleged retaliation. (*Id.*) On April 19, 2019, Simpson signed a formal EEO complaint for Case No. 4J-530-0053-19 in which she alleged disability discrimination and retaliation. (*Id.*, ¶ 17.) Like her first complaint, this second complaint alleged that the disability discrimination began because of the robbery. (*Id.*, ¶ 18.) Several allegations that were included in the first complaint, such as not complying with her medical restrictions and being harassed about her restrictions, were included in the second complaint. (*Id.*, ¶ 20.) On May 6, 2019, the agency dismissed Case No. 4J-530-0053-19, finding that "[t]he issue raised in the instant complaint is merely a reiteration and extension of the previous complaint. There is no indication that the original fact pattern is distinctly different from that of the instant complaint." (*Id.* at 35; *id.*, ¶ 21.)

**2.4. Federal Court Complaint**

Simpson then filed a complaint in this court on May 28, 2019, alleging that her medical restrictions from the robbery incident are not being followed. (ECF No. 1.) In addition to alleging disability discrimination, Simpson also raises a possible FMLA violation relating to her need to take care of her father. (*Id.* at 3.) She claims that she has been threatened with write ups for having to take leave to care for him. (*Id.*) She also contends that people at work speak openly about her and her father's medical history.

5

(*Id.*) While Simpson claims she was threatened with a write up, the complaint does not allege that she was written up, what the consequences of a write up would be, or who threatened to write her up. (*See* ECF No. 8 at 11.)

Simpson attached to her complaint thirty-nine pages of exhibits: Dismissal of Formal EEO Complaint (ECF No. 1-1 at 1-3); EEO Alternative Dispute Resolution Specialist's Inquiry Report (*id.* at 4-6); a blank Notice of Appeal/Petition for a complainant to the EEOC (*id.* at 7-8); a case summary from psychologist Dr. Barbara Reinke (*id.* at 9); letters from Dr. Reinke describing Simpson's incident, medical restrictions, and treatment (*id.* at 10, 11, 12-13, 22, 23, 24, 29, 30, 31, 32, 37, 38, 39); a provider enrollment form for the Office of Workers' Compensation Programs (*id.* at 14-17, 19-21); information regarding Dr. Reinke's credentials (*id.* at 18); and two Certifications of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act) (*id.* at 25-28; 33-36).

In ruling on a motion to dismiss, "a court generally may consider only the plaintiff's complaint." *Metz v. Joe Rizza Imps., Inc.*, 700 F. Supp. 2d 983, 988 (N.D. Ill. 2010) (citing *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002)). However,

> Federal Rule of Civil Procedure 10(c) provides that 'written instruments' attached to a pleading become part of that pleading for all purposes. Thus, when a plaintiff attaches to the complaint a document that qualifies as a written instrument, and her complaint references and relies upon that document in asserting her claim, the contents of that document become part of the complaint and may be considered as such when the court decides a motion attacking the sufficiency of the complaint.

6

*Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). "Historically, this Court has interpreted the term 'written instrument' as used in Rule 10(c) to include documents such as affidavits and letters as well as contracts and loan documentation." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 453 (7th Cir. 1998) (internal citations and footnote omitted). But, "[r]ather than accepting every word in a unilateral writing by a defendant and attached by a plaintiff to a complaint as true, it is necessary to consider why a plaintiff attached the documents, who authored the documents, and the reliability of the documents." *Id.* at 455. And, "[w]hen the exhibit … is not the subject of the claim, Rule 10(c) does not require a plaintiff to adopt every word within the exhibits as true for the purposes of pleading simply because the documents were attached to the complaint to support an alleged fact." *Id.*

The letters and case summary from Dr. Reinke will be considered part of the pleadings because Simpson relies on them, she references her medical restrictions in her complaint, and they will be used to "assist the Court in determining whether dismissal is proper." *Lake Ridge New Tech Schs. v. Bank of New York Mellon, Trust Co., N.A.*, 353 F. Supp. 3d 745, 751 (N.D. Ind. 2018). The EEO and FMLA forms will also be considered part of the pleadings.

## 3. FMLA Claim

### 3.1. Motion to Dismiss

#### 3.1.1. Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiff[]." *Gruber*, 742 at 274.

Simpson is proceeding pro se. "A document filed *pro se* is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citations omitted).

#### 3.1.2. Analysis

An employee is permitted under the FMLA to take leave in order to care for a family member, such as a parent, who is experiencing a "serious health condition." 29 U.S.C. § 2612(a)(1)(C). The FMLA makes it "unlawful for any employer to interfere with,

restrain, or deny the exercise of or the attempt to exercise" rights under the FMLA. 29 U.S.C. § 2615(a)(1). "[T]he critical question is whether the employer's actions would discourage a reasonable employee from taking FMLA leave." *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 818 n.35 (7th Cir. 2015). In order to establish an FMLA interference claim,

> an employee must show: (1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which she was entitled.

*Goelzer v. Sheboygan Cty., Wis.*, 604 F.3d 987, 993 (7th Cir. 2010) (citing *Burnett v. LFW, Inc.*, 472 F.3d 471, 477 (7th Cir. 2006)).

The FMLA also states that "it is unlawful for an employer 'to discharge or in any manner discriminate against' any employee for opposing any practice the FMLA makes unlawful." *Goelzer*, 604 F.3d at 995 (quoting 29 U.S.C. § 2615(a)(2)). The Court of Appeals for the Seventh Circuit "require[s] that the adverse action giving rise to an FMLA retaliation claim be 'materially adverse.'" *Cole v. Ill.*, 562 F.3d 812, 816 (7th Cir. 2009). "Materially adverse actions are not limited to employment-related activities but include any actions that would dissuade a reasonable employee from exercising his rights under the FMLA." *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 979 (7th Cir. 2008). "The difference between a retaliation and interference theory is that the first 'requires proof of discriminatory or retaliatory intent while [an interference theory] requires only proof that

9

the employer denied the employee his or her entitlements under the Act.'" *Goelzer*, 604 F.3d at 995 (quoting *Kauffman v. Fed. Express Corp.*, 426 F.3d 880, 884 (7th Cir. 2005)).

Simpson's complaint only makes one reference to the FMLA—specifically, that she "[has] FMLA for [her] father" and someone threatened her with a write up for needing to take care of him. (ECF No. 1 at 3.) In her brief opposing the defendant's motion Simpson states she was told that she could not leave and that there would be no one to cover if she left. (ECF No. 11 at 2.) She does not allege who threatened her, what the repercussions of a write up would be, whether she provided notice, or whether she ever did take her FMLA leave. (*See* ECF No. 8 at 11.) Without that information, Simpson has not stated enough to make out a claim for either FMLA interference or retaliation.

**3.2. Motion for a More Definite Statement**

Pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion under Rule 12(e) "is disfavored and is not a substitute for discovery." *Eastco Int'l Corp. v. Broan-Nu Tone LLC*, No. 16-C-1057, 2017 WL 1194014, at *2 (E.D. Wis. Mar. 30, 2017) (citation omitted). It "is proper only when the pleading to which it is addressed is so vague that it cannot be responded to." *Hernandez v. City Wide Insulation of Madison, Inc.*, No. 05C0303, 2006 WL 2690980, at *1 (E.D. Wis. Sept. 19, 2006) (internal quotations and citation omitted).

"Where a complaint is confusing, a more definite statement is appropriate before the defendant interposes a responsive pleading. Alternatively, courts can direct a plaintiff to amend the complaint." *Stipe v. S. Ill. Univ. at Edwardsville*, No. 3:18-CV-1010-SMY-GCS, 2019 WL 2524703, at *1 (S.D. Ill. June 18, 2019) (internal citations and quotations omitted). Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). Simpson has not yet amended her complaint, nor is it clear that any amendment would be futile. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Therefore, the court will give Simpson the opportunity to file an amended complaint whereby she may again attempt to state an FMLA claim. In her amended complaint, Simpson should state who violated her rights under the FMLA and what that person or persons did to violate her FMLA rights.

4. **Disability Discrimination Claim**

   **4.1. Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it "might affect the outcome of the suit" and a dispute is "genuine" only if a reasonable factfinder could return a verdict for the non-movant. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). In resolving a motion for summary judgment, the court is to "construe all evidence and draw all reasonable inferences from the evidence in" favor of the non-movant. *E.Y. v. United States*,

758 F.3d 861, 863 (7th Cir. 2014) (citing *Gil v. Reed*, 535 F.3d 551, 556 (7th Cir. 2008); *Del Raso v. United States*, 244 F.3d 567, 570 (7th Cir. 2001)). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and [in] opposition to the motion for summary judgment." *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016).

**4.2. Analysis**

The defendant argues that Simpson's disability claim must be dismissed because the allegations are the same as those included in Case No. 4J-530-0113-18, which claim was released in the settlement agreement on September 21, 2018. (ECF No. 8 at 6-9.)

The addendum to the settlement agreement states, in relevant part, "By [entering into the settlement agreement], it is the intent of the Parties to resolve, completely and finally, any existing and potential claims by [Simpson] arising out of [Simpson]'s employment with [USPS] *prior to the date of this Agreement*." (ECF No. 9 at 20, 25 (emphasis added).) By these terms, Simpson cannot relitigate any claims or potential new claims that occurred prior to September 21, 2018. However, to the extent that Simpson is alleging (as the court understands she is) that her medical restrictions are *still* not being followed, or that because of her medical restriction she is *still* being harassed and humiliated at work, that claim is not barred by the settlement agreement.

It is true that Simpson's complaint appears to allege a disability discrimination claim regarding events that occurred after the robbery but before the settlement

12

agreement. She alleges that she was robbed at gunpoint and that after the robbery she was put on medical restrictions which were "never followed." (ECF No. 1 at 2.) However, in her response to the motion to dismiss, Simpson states that, "after the first EEOC they gotten worse [] with the ridicule, torment, harassment[.]" (ECF No. 11 at 2.) By saying "the first EEOC," Simpson is likely referring to Case No. 4J-530-0113-18, the case covered by the settlement agreement. Accordingly, to the extent that Simpson has continued to face harassment, or her medical restrictions have continued to not be followed since the settlement agreement was entered into, those claims are not barred by the settlement agreement.

The court, therefore, denies the defendant's motion for summary judgment as to the disability discrimination claim.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss the FMLA claim is **granted**. Simpson may file an amended complaint or a more definite statement no later than 14 days after the date of this order.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment with respect to the disability discrimination claim is **denied.**

Dated at Milwaukee, Wisconsin this 16th day of January, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge