UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HENRIETTA E. ARNOLD SIMPSON,

            Plaintiff,

  v.                                      Case No. 19-CV-789

LOUIS DEJOY,
Postmaster General,

            Defendant.

## DECISION AND ORDER

**1. Facts**

Plaintiff Henrietta Arnold Simpson is presently employed as a Sales and Services Associate for the United States Postal Service, where she has worked in various capacities since approximately 2008. (ECF No. 27, ¶ 1.) While Simpson was working at the Postal Service's Parklawn station on December 21, 2017, the office was robbed. (ECF No. 27, ¶ 5.) As a result, she requested that she not be required to work the retail window alone until protective glass was installed. (ECF No. 27, ¶ 5.)

Pending the installation of a protective barrier the Postal Service generally had a co-worker with Simpson at the window. (ECF No. 21, ¶ 9.) Although there were times

when that co-worker would step away for up to 20 minutes at a time, Simpson was never alone in the building. (ECF No. 27, ¶¶ 8-9.) Moreover, for several months following the robbery, but before the barriers were installed at the Parklawn station, Simpson was assigned to another station with a protective barrier, where she was able to work without problem and without a co-worker nearby. (ECF No. 27, ¶¶ 12-13.) Simpson returned to the Parklawn station and a protective barrier was installed. (ECF No. 27, ¶ 14.)

Simpson alleges she was subject to harassment by her supervisor when, for example, the supervisor reprimanded Simpson after she admittedly swore in front of a customer or when the supervisor would direct her to do tasks "now." (ECF No. 27, ¶¶ 19-20.)

## 2. Procedural History

Simpson is representing herself. Liberally construing her pleadings (ECF Nos. 1, 16), the defendant speculates that Simpson may be attempting to allege three claims: a failure to accommodate claim under the Rehabilitation Act; a hostile work environment claim; and an FMLA claim.

Although the defendants complied with Civil Local Rule 56(a)(1)(A) and notified Simpson of the consequences of not fully responding to a motion for summary judgment and provided her with copies of the relevant Local Rules (ECF No. 25 at 1-6), Simpson did not offer a material response to the defendant's summary judgment motion. Rather, she submitted a letter that does not address the specifics of the defendant's motion but

asks to the court to review all the evidence and not dismiss her case. (ECF No. 30.) She included with her letter various documents—a copy of the court's order allowing her to proceed without prepaying the filing fee, with portions underlined (ECF No. 30 at 6-12); a letter from defense counsel noting he is providing her with copies of filed documents (ECF No. 30 at 13); a portion of a letter rejecting Simpson's settlement offer (ECF No. 30 at 14); the last page of the defendant's brief in support of his motion for summary judgment (ECF No. 30 at 15); the first page of a letter from defense counsel regarding discovery (ECF No. 30 at 16); and the defendant's answer to the plaintiff's Rehabilitation Act Claim, with lines drawn around a footnote (ECF No. 30 at 17). The court has reviewed all of the documents Simpson submitted, as well as her deposition transcript (ECF No. 28-1).

Simpson did not respond to the defendant's proposed findings of fact (ECF No. 27), and therefore those facts are deemed admitted pursuant to Fed. R. Civ. P. 56(e)(2).

The defendant's motion for summary judgment is ready for resolution. The court has jurisdiction pursuant to 28 U.S.C. § 1331. All parties have consented to the full jurisdiction of this court pursuant to 28 U.S.C. § 636(c). (ECF Nos. 3, 10.)

3. **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it "might affect the outcome of

the suit" and a dispute is "genuine" only if a reasonable factfinder could return a verdict for the non-movant. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). In resolving a motion for summary judgment, the court is to "construe all evidence and draw all reasonable inferences from the evidence in" favor of the non-movant. *E.Y. v. United States*, 758 F.3d 861, 863 (7th Cir. 2014) (citing *Gil v. Reed*, 535 F.3d 551, 556 (7th Cir. 2008); *Del Raso v. United States*, 244 F.3d 567, 570 (7th Cir. 2001)). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and [in] opposition to the motion for summary judgment." *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016).

4. **Analysis**

   **4.1. Rehabilitation Act**

The Rehabilitation Act prohibits certain employers from discriminating against a "qualified individual with a disability" "solely by reason of her or his disability." *Felix v. Wis. DOT*, 828 F.3d 560, 568 (7th Cir. 2016) (quoting 29 U.S.C. § 794(a)).

> To succeed on a claim of employment discrimination under this statute, a plaintiff must prove that: (1) she is disabled within the meaning of the statute; (2) that she was otherwise qualified for the job in question; (3) that she was discharged or the subject of other adverse action solely because of her disability; and (4) the employment program of which her job was a part received federal financial assistance.

*Felix*, 828 F.3d at 568 (citing *See Novak v. Bd. of Trustees of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015); *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005); *Branham v. Snow*, 392 F.3d 896, 902 (7th Cir. 2004); *Silk v. City of Chicago*, 194 F.3d 788, 798 n.6 (7th Cir. 1999)).

A failure to accommodate claim is a specific type of disability discrimination claim. *Hooper v. Proctor Health Care Inc.*, 804 F.3d 846, 851 (7th Cir. 2015). To prove a failure to accommodate, Simpson must present evidence that she "is a qualified individual with a disability," the Postal Service was aware of her disability, and the Postal Service failed to reasonably accommodate her disability. *Id.* at 852.

A person may be disabled within the terms of the Rehabilitation Act if she suffers "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." *Richardson v. Chi. Transit Auth.*, 926 F.3d 881, 886 (7th Cir. 2019) (quoting 42 U.S.C. § 12102(1)); *see also* 29 C.F.R. § 1630.2(g)(1)(i). (Simpson has not shown that any alternative definition of "disability" may be applicable). The only major life activity that Simpson alludes to is working. But to be substantially limited in the major life activity of working a plaintiff must show not simply that she is limited in her ability to work at her specific job but that she is limited in her ability to perform a broad swath of jobs. *See* 29 CFR App'x to Part 1630; *Carothers v. Cnty. of Cook*, 808 F.3d 1140, 1147 (7th Cir. 2015) (quoting *Povey v. City of Jeffersonville, Ind.*, 697 F.3d 619, 623 (7th Cir. 2012)); *Summers v. Target Corp.*, 382 F. Supp. 3d 842, 847 (E.D. Wis. 2019) (discussing *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 (7th Cir. 1996)).

Simpson suffered an undoubtedly traumatic experience that has reasonably caused her fear and anxiety. However, she has not produced evidence that these symptoms impaired her ability to do her job, much less a broad swath of jobs. By her own

5
Case 2:19-cv-00789-WED   Filed 03/02/21   Page 5 of 12   Document 33

admission, she remained able to do her job. (ECF No. 27, ¶ 4.) In fact, she asserts she was good at her job. (ECF No. 27, ¶ 4.) She simply suffered increased anxiety when performing her job before the installation of the bulletproof partition and in the absence of a coworker with her at the counter. Any anxiety she suffered appears to have been limited to her work at the Parklawn station, as there is no allegation that she suffered anxiety when she worked at another station for several months. (ECF No. 27, ¶ 13.) Because Simpson has not shown that she is a qualified individual with a disability, the defendant is entitled to summary judgment on any claim she may be asserting of discrimination under the Rehabilitation Act.

**4.2. Hostile Work Environment**

The defendant recognizes that Simpson may be attempting to allege some type of hostile work environment claim and, therefore, also address such a claim in his motion for summary judgment. The defendant's belief appears to be based on the fact that, in the portion of her complaint where Simpson is asked to identify the relief she requests, she wrote, "I want this harassment to stop." (ECF No. 1 at 4.) She states that, after the robbery, "I got treated badly – laugh at mad [sic] fun – harras [sic]." (ECF No. 1 at 2.)

Federal law does not guarantee a right to civility in the workplace. *See, e.g.*, *Vance v. Ball State Univ.*, 570 U.S. 421, 452 (2013); *Whitlow v. Bradley Univ.*, No. 1:16-cv-01223-JBM-JEH, 2017 U.S. Dist. LEXIS 130595, at *1 (C.D. Ill. Aug. 15, 2017) ("Title VII is *not* a general civility code to be used by anyone who is upset with his coworker or boss."

6
Case 2:19-cv-00789-WED   Filed 03/02/21   Page 6 of 12   Document 33

(emphasis in original).) A hostile work environment or harassment claim must be grounded in a specific, cognizable claim of discrimination. Although the question has not been resolved in this circuit, the court presumes that the Rehabilitation Act proscribes disability-based harassment that creates a hostile work environment. *See Strong v. Quest Diagnostics Clinical Labs., Inc.*, No. 19-CV-4519, 2021 U.S. Dist. LEXIS 19564, at *22 n.9 (N.D. Ill. Feb. 2, 2021).

A hostile work environment claim requires, in part, harassment that is so severe or pervasive that it alters the conditions of employment. *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015). It must create an "*abusive* relationship," *id.* (emphasis in original), not merely one that is unpleasant.

Simpson has not presented evidence that she was subjected to a hostile work environment. As noted, Simpson has not offered a material response to the defendant's motion for summary judgment. Thus, the basis for any "harassment" claim remains unclear. Nonetheless, the court has independently reviewed Simpson's deposition for indications as to the nature of her claim. At her deposition, when pressed to identify specifics of what she alleged to be harassment, she was generally unable to do so. (ECF No. 27, ¶ 17.) Some events predated her prior settlement with the Postal Service and cannot form the basis for a claim in this lawsuit. (ECF No. 27, ¶ 18.) To the extent she was able to identify specific acts of harassment, what she identified was, at most, the sort of

personality conflicts that are routine in workplaces. (ECF No. 27, ¶¶ 18-21.) Other acts constitute legitimate workplace discipline. (ECF No. 27, ¶ 19.)

In sum, the few details that Simpson was able to offer fall far short of what is required for an actionable hostile work environment claim. Therefore, the court will grant the defendant's motion for summary judgment as to Simpson's "harassment" or hostile work environment claim.

### 4.3. Family and Medical Leave Act

As the court stated in its prior decision resolving the defendant's "Motion to Dismiss the Claims, or, in the Alternative, for Summary Judgment of the Disability Discrimination Claim, and an Order Directing the Plaintiff to File a More Definite Statement for Her Family Medical Leave Act Claim" (ECF No. 7):

> An employee is permitted under the FMLA to take leave in order to care for a family member, such as a parent, who is experiencing a "serious health condition." 29 U.S.C. § 2612(a)(1)(C). The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" rights under the FMLA. 29 U.S.C. § 2615(a)(1). "[T]he critical question is whether the employer's actions would discourage a reasonable employee from taking FMLA leave." *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 818 n.35 (7th Cir. 2015). In order to establish an FMLA interference claim,
>
>> an employee must show: (1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which she was entitled.
>
> *Goelzer v. Sheboygan Cty., Wis.*, 604 F.3d 987, 993 (7th Cir. 2010) (citing *Burnett v. LFW, Inc.*, 472 F.3d 471, 477 (7th Cir. 2006)).

> The FMLA also states that "it is unlawful for an employer 'to discharge or in any manner discriminate against' any employee for opposing any practice the FMLA makes unlawful." *Goelzer*, 604 F.3d at 995 (quoting 29 U.S.C. § 2615(a)(2)). The Court of Appeals for the Seventh Circuit "require[s] that the adverse action giving rise to an FMLA retaliation claim be 'materially adverse.'" *Cole v. Ill.*, 562 F.3d 812, 816 (7th Cir. 2009). "Materially adverse actions are not limited to employment-related activities but include any actions that would dissuade a reasonable employee from exercising his rights under the FMLA." *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 979 (7th Cir. 2008). "The difference between a retaliation and interference theory is that the first 'requires proof of discriminatory or retaliatory intent while [an interference theory] requires only proof that the employer denied the employee his or her entitlements under the Act.'" *Goelzer*, 604 F.3d at 995 (quoting *Kauffman v. Fed. Express Corp.*, 426 F.3d 880, 884 (7th Cir. 2005)).

*Simpson v. Brennan*, No. 19-CV-789, 2020 U.S. Dist. LEXIS 7472, at *8 (E.D. Wis. Jan. 16, 2020).

Again, because Simpson failed to substantively respond to the defendant's motion for summary judgment, the basis for her FMLA claim is unclear. Having reviewed Simpson's complaint and deposition, it appears that her theory is that her FMLA rights were violated when her supervisor allegedly expressed frustration with her request for FMLA leave or was reluctant to approve time off.

However, it is undisputed that every request for FMLA leave she made was granted (ECF No. 27, ¶ 24), and she never suffered any adverse employment consequence related to her use of FMLA leave (ECF No. 27, ¶¶ 23-24). There is no such thing as an "attempted" FMLA interference claim; the interference must result in actual prejudice to the employee. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002); *Rasic v. City*

*of Northlake*, No. 08 C 104, 2009 U.S. Dist. LEXIS 88651, at *33 (N.D. Ill. Sep. 25, 2009) ("for an interference claim to succeed, an employee must show that the alleged interference had real consequences; attempted, but unsuccessful, interference will not suffice"); *Garcia v. Crown Servs.*, No. 04-CV-879, 2006 U.S. Dist. LEXIS 60281, at *14 (E.D. Wis. Aug. 15, 2006) ("There can be no interference because Garcia was permitted to fully exercise all the rights she had under § 2612(a).").

Therefore, the court will grant the defendant's motion for summary judgment as to Simpson's FMLA claim.

**5. Conclusion**

Simpson suffered an undoubtedly traumatic experience when she was robbed while working at a post office. She requested certain changes to make her feel less fearful at work, and although there were delays and imperfect compliance with her requests, these did not violate the Rehabilitation Act. Because Simpson remained able to do her job without the accommodations she requested, and allegedly required the accommodations only at the Parklawn station, she was not a qualified person with a disability.

Simpson also has failed to present evidence of actionable harassment or of a hostile work environment. And, finally, her FMLA claim fails because it is undisputed that she was never denied any FMLA leave she requested. Nor did she suffer any adverse consequence as a result of requesting FMLA leave. Consequently, the court must grant the defendant's motion for summary judgment.

**IT IS THEREFORE ORDERED** that the defendant's motion for summary judgment (ECF No. 25) is **granted**. This action is dismissed. The Clerk shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment (60 days if one of the parties is, for example, the United States, a United States agency, or a United States officer or employee sued in an official capacity). *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 2nd day of March, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge